ROSALY ET AL., APPELLANTS, *v.* THE REGISTRAR OF PROPERTY, RESPONDENT.

APPEAL from a Decision of the Registrar of Property of Ponce Refusing to Record a Mortgage Deed.

No. 212.—Decided February 2, 1915.

LEGAL PORTION—ENCUMBRANCE.—A testator cannot encumber the legal hereditary portion of his children.

INHERITANCE—ADVANCE ON INHERITANCE—HEREDITARY ESTATE.—Advances made on inheritances should be brought into the hereditary estate, pursuant to section 1001 of the Revised Civil Code.

ID.—CONDITIONAL GRANT BY PARENT—RECORD OF TITLE.—The condition imposed by a parent in granting property to his child as an advance on the inheritance, that he shall not sell or mortgage the same during the father's lifetime, is perfectly valid and a registrar acts correctly in refusing to record a mortgage created on said property by the grantee.

The facts are stated in the opinion.

The appellants appeared by brief *pro se.*

Mr. José Miguel Márquez, the registrar, did not appear.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This is an administrative appeal from a certain decision of the Registrar of Property of Ponce.

By a public deed executed before Notary Rodríguez Acevedo on November 27, 1914, the spouses José María Arias and Claudia Rosaly created a mortgage in favor of the indorsees to secure the payment of certain amounts evidenced by negotiable instruments. It is stated in the deed that the mortgaged property belongs to Claudia Rosaly, she having acquired the same from her father, Manuel Rosaly Castillo, as an advance on her inheritance, as is shown by a public deed executed in Barcelona, Spain, and recorded in the Registry of Property of Ponce, Porto Rico.

The mortgage deed of November 27, 1914, having been presented for record, the registrar refused to record the same for the reasons stated in the decision appealed from, which reads as follows:

"Admission to record of the foregoing document is denied because Claudia Rosaly y Vázquez having acquired the mortgaged property, according to the registry, from her natural father, Manuel Rosaly y Castillo, as an advance on her inheritance conditioned upon her not selling or mortgaging the said property during the life of her said father, the mortgagor has not the legal capacity to make the contract sought to be recorded. In lieu thereof a cautionary notice is entered for the legal period on page 186 of volume 80 of Ponce, property number 3480, entry letter A.

"Ponce, November 30, 1914."

In their brief, without citing any statutory provision or jurisprudence, the appellants contend that .

"It is a principle of law, and the Civil Code prescribes, that parents cannot impose any condition or lien upon the legal hereditary portions which may accrue to the children at the proper time, for such hereditary. portions pass to the children by force of law and not by the will of the parents. It is also a principle of law that advances on inheritances are payments on account of said legal portions, inasmuch as the law .allows the children to take from their parents as advances on their inheritances as much as one-half of their prospective inheritances. Therefore, if no conditions can be

imposed upon the legal portion, still less can they be imposed upon advances made on account thereof. It is another principle of law that conditions which are void because contrary to law are regarded as non-existent and, therefore, never have any legal force.''

We are in complete accord with the appellants that the testator cannot encumber the legal portions of his children. The law so provided and still provides, and jurisprudence has recognized and applied this provision. Law XI, Title IV, *Partida* VI; article 813 of the Spanish Civil Code; section 801 of the Revised Civil Code; section 4 of the Act to amend sections 795, etc., of the Civil Code, approved March 9, 1905. ''Children shall receive both their paternal and maternal legal portions free, unencumbered, and unconditionally.'' Judgment of the Supreme Court of Spain of June 27, 1857. ''In cases of heirs-at-law their legal portions cannot be encumbered in any way.'' Judgment of the Supreme Court of Spain of April 17, 1885.

But the case submitted to our consideration and decision is different. The rights to the succession of a person are transmitted from the moment of his death (section 665 of the Revised Civil Code), but this is not a case of any succession. The deed called a deed for an advance on inheritance executed by Manuel Rosaly in favor of his daughter Claudia was executed during his lifetime to be in force while he lived. Upon his death Claudia was under the obligation to bring the property into the hereditary estate, pursuant to law. Article 1035 of the Spanish Civil Code and section 1001 of the Revised Civil Code.

We must presume that Manuel Rosaly has the free management of his property during his lifetime. The appellants contend that the value of the property granted by Manuel Rosaly to his daughter ($9,000) is less than what she would receive under the will. This might have been so at the time of the grant, but might not be the case at the time of the death of Rosaly. The property of a person is subject to the natural uncertainties of life and may be preserved intact for many

years, or it may be augmented or diminished considerably or even disappear entirely in a short space of time. "The law," says Manresa in commenting on article 813 of the Spanish Civil Code which we have cited, "refers to liens, conditions, and substitutions stated in the testament or last will: it does not oppose the free disposition of the property by acts *inter vivos,* even when such of said acts as may be for a good consideration may be annulled or modified later as inofficious."

In our opinion the condition imposed by Manuel Rosaly in granting the property to his daughter, forbidding that she sell or mortgage it during his life, is perfectly valid, and therefore the registrar acted correctly in refusing to record the mortgage on the said property. In the absence of clear statutory prohibition, any doubt that may exist should be decided in favor of the right of the owner (in this case the father) to dispose of his property with such limitations as he may deem proper.

For greater lucidity we should state that this is not a case of obligatory dowry provided for by sections 1340 *et seq.* of the old Civil Code and sections 1306 *et seq.* of the Revised Civil Code, but that of a grant of a property made by a father to a daughter "as an advance on her inheritance under the condition that she shall not sell or mortgage the property during the life of her said father," as the registrar maintains in his decision and as the appellants admit in their brief.

For the foregoing reasons the decision appealed from should be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.